# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CRYSTAL LEAP ZRT, <br><br> Plaintiff, <br><br> LONGITUDE LICENSING LIMITED <br><br> Patentee-Plaintiff, <br><br> v. <br><br> HKC CORP. LTD.; CHONGQING HKC OPTOELECTRONICS TECHNOLOGY CO., LTD.; AND HKC OVERSEAS LTD., <br><br> Defendants. | CIVIL ACTION NO. 2:22-cv-00382-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO CONFIRM THAT THE ALLEGED "SUBSTANTIALLY SIMILAR" PRODUCTS THAT ARE NOT INCLUDED IN PLAINTIFF'S INFRINGEMENT CONTENTIONS ARE NOT WITHIN THE SCOPE OF THE CASE AND THAT FURTHER TECHNICAL DISCOVERY FOR THOSE SPECIFIC PRODUCTS IS NOT REQUIRED**

I. **INTRODUCTION**

Defendants HKC Corp. Ltd., Chongqing HKC Optoelectronics Technology Co., Ltd. and HKC Overseas Ltd. (collectively, "HKC") move to confirm that products that have not been identified in Plaintiffs Crystal Leap Zrt ("CL") and Longitude Licensing Ltd. ("LLL") (collectively "Plaintiffs") infringement contentions are outside the scope of this case, and accordingly, further technical discovery is not required for those products. This includes 19 products absent from Plaintiffs infringement contentions (collectively "19 additional products"), which they contend are "substantially similar" to the seven products accused in their infringement contentions. Plaintiffs have indicated that they will seek leave from this Court to amend their infringement contentions. Plaintiffs have not provided HKC with their proposed amended contentions, identified what they plan to amend—though they have indicated they plan to accuse additional products, or have explained the bases for their motion. HKC preliminarily opposes Plaintiffs' request to amend their contentions and will take a final position once it has reviewed it and conferred with Plaintiffs.

At the parties' January 10 discovery hearing, the Court stated that while preliminary discovery may be necessary to enable Plaintiffs to decide whether to accuse products of infringement, detailed technical discovery for non-accused products is not required. Dkt. 75 (Jan. 10, 2023 Hearing Transcript) at 38: 5-13. HKC substantially completed its production of technical documents for the seven products accused in Plaintiff's infringement contentions **and** for the 19 additional products. The only documents HKC has not yet produced were expressly identified during the hearing, namely, the graphic data stream binary files ("GDS files") for the 19 additional products. HKC brings this motion to confirm that since Plaintiffs **still** have not supplemented their infringement contentions to include any of the 19 additional products, those products are outside the scope of this case and therefore additional technical discovery such as GDS files need not be produced for such products.

## II. FACTUAL BACKGROUND

Plaintiffs have filed three complaints thus far in this litigation, each time accusing the same seven products of infringement. Dkt. Nos. 1 at ¶¶ 13, 26; 11 at ¶¶ 13, 27; 31 at ¶¶ 15, 28. CL served infringement contentions identifying the Accused Instrumentalities as follows:

> [T]he Accused Instrumentalities include at least the following Accused Panels, including variants and sub-versions, that were made, used, sold or offered for sale in the United States and/or imported into the United States by HKC or any other entity: PT320CT01, PT320AT02, PT430CT03, PT500GT02, PT550GS01, PT650GT01, and PT850GT01.

Dkt. 95-2 (Plaintiffs' Infringement Contentions) at 8. CL also served infringement contention claim charts for the seven accused panels, but no others. *See* Dkt. 95-2. Plaintiffs did not identify any other panel model—by name, model number, or otherwise—in its pleadings or contentions.

Almost a year after filing suit, on June 21, 2023 Plaintiffs demanded discovery for new products that Plaintiffs alleged were "substantially similar" to the accused products. HKC objected to Plaintiffs' demands on June 28, 2023. On August 23, 2023, Plaintiffs identified via email 19 additional products as "substantially similar," but have not explained why those products are "substantially similar."

The parties' disagreement as to the scope of the litigation surfaced during the January 10, 2024, discovery hearing. At the hearing, HKC's counsel explained that HKC had produced substantial technical discovery, but had not yet produced GDS files for the 19 additional products. Dkt. 75 at 20:8-14. The Court and parties engaged in dialogue on the subject, and the Court remarked:

> THE COURT: Mr. Hung, my inclination is that the Defendants are entitled to have you amend your infringement contentions and chart these additional products that you're accusing now, the ones that you referred to as variants, because it does seem to me that your infringement read is going to depend on specifics about these products if it has to do with the circuitry and the way the monitors are laid out.

*Id.* at 29:4-10. CL's counsel responded that they could identify by model number the additional models they wished to accuse and "we can also explain as to those additional model numbers why we think

they function similarly." *Id.* at 32:9-11. The Court further confirmed that "the Defendants are entitled to have the contentions identify the theory in which you contend these variants infringe." *Id.* at 32:14-22. The Court then offered the following additional guidance:

> I think that there is a certain high level of discovery that [Plaintiffs] can get simply to determine whether to add a product to the case, but I would not impose on the Defendant the burden of detailed production on something that has not been accused properly in the case.

*Id.* at 38: 5-13. The Court directed HKC to file a motion if the parties were unable to resolve their dispute regarding the scope of plaintiffs' infringement contentions. *Id.* at 39:16-23.

HKC has substantially completed its production of technical documents for both the accused products and the 19 additional products, except for the GDS files. Plaintiff has neither filed an amended complaint nor has it supplemented its infringement contentions. HKC moves to confirm that the 19 non-accused additional products are outside the scope of the litigation and that further discovery regarding those products is not required.

### III. THE PURPORTED "SUBSTANTIALLY SIMILAR" PRODUCTS ARE NOT PROPERLY AT ISSUE IN THIS CASE

Plaintiffs seek additional, detailed technical discovery for products that they have not properly accused in this case. Worse, plaintiffs will apparently seek to adjudicate those products of infringement despite never moving to supplement their infringement contentions. It is well-established in this district that "infringement contentions are intended to frame the scope of the case in order to provide for 'full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case.'" *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.,* 2012 WL 12911055 at *2 (E.D. Tex. Aug. 10, 2012) (denying motion to amend infringement contentions); *Realtime Data, LLC v. Packeteer, Inc.,* 2009 WL 2590101 at *5 (E.D. Tex. Aug. 18, 2009) (same); *both quoting Nike, Inc. v. Adidas Am. Inc.,* 479 F.Supp.2d 664, 667 (E.D. Tex. 2007). The Patent Rules in this district "require early disclosure of infringement contentions in order to allow defendants to discover the plaintiff's theories

3

of infringement early in the case," and a plaintiff may not rely solely on the "complexity" of a case to excuse its failure to amend infringement contentions—indeed, the greater the complexity, the greater the prejudice to defendants of having new products added late in the litigation. *Realtime Data,* 2009 WL 2590101 at *5-6. "Properly disclosed infringement contentions will frame the scope of discovery, focus the parties on the issues, and allow the case to take a clear path to trial." *Plant Equip., Inc. v. Intrado, Inc.,* 2012 WL 12903709 at *2 (E.D. Tex. Feb. 1, 2012).

In addition, discovery must be proportional to the needs of the case, and the Court may, for good cause, issue an order to protect a party or person from discovery that is, *inter alia,* disproportionate to the needs of the case or that will cause undue burden or expense. Fed. R. Civ. P. 26(b). *See also Altaf v. Allstate Texas Lloyds,* 2021 WL 2098971, at *3 (E.D. Tex. Apr. 22, 2021) (*citing Williams ex rel. Williams v. Greenlee,* 210 F.R.D. 577, 579 (N.D. Tex. 2002)); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003).

The court's decision in *R2 Solutions LLC v. American Airlines, Inc.* is instructive. The court observed, "Infringement contentions serve the critical function of defining the scope of discovery and narrowing the issues in patent litigation." 2023 WL 3938862 at *3-4 (E.D. Tex. June 9, 2023). Under Patent Rule 3.1(b), the requirement that "[e]ach product, device, and apparatus must be identified by name or model number, if known" requires a patentee to "lay out its theories of infringement at the outset of the case.'" *Id. (quoting Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008)). "As the Federal Circuit has noted, the ultimate purpose of this requirement is to require parties to 'crystallize their theories of the case early in the litigation so as to prevent the shifting sands' approach' to patent litigation." *Id. (quoting Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (discussing P.R. 3-1)). "If a patentee wishes to add additional products to its infringement contentions, it must seek leave of court." *Id.* The court then found that discovery should not be compelled for products that were not identified in plaintiff's infringement contentions.

4

***Plaintiffs have not identified the purported "substantially similar" products in their pleadings or contentions.*** In accordance with the foregoing precedent and the Patent Rules, Plaintiffs were required to identify those products they believe infringed the asserted patents and put HKC on notice of their theories of infringement. P.R. 3-1(b). "This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known." *Id.* In their pleadings and infringement contentions, Plaintiffs identified seven LCD panels as allegedly infringing the asserted patents in this case, for which HKC has produced detailed technical discovery, including GDS files. *E.g.*, Dkt. 75 at 4:14-22. Plaintiffs did not identify any of the purported "substantially similar" products in their pleadings or contentions, and despite the Court's guidance at the January 10 hearing, plaintiffs have not moved to supplement their infringement contentions.

***Merely referring to "variants or sub-versions" is not sufficient to put the 19 "substantially similar" products at issue in this case.*** Plaintiffs' use of the phrase "variants or sub-versions" was insufficient to comply with P.R. 3-1 because that phrase, even when viewed in the context of Plaintiffs' infringement contentions, failed to apprise HKC of Plaintiffs' theories of infringement for any additional products. Although Plaintiffs subsequently identified the 19 additional products via email, HKC has no way of knowing whether or how any of Plaintiffs' theories in their infringement contentions apply to any of the purported "substantially similar" products. Accordingly, HKC has not been put on notice that those 19 additional products are within the scope of the case. Indeed, the Court has already indicated that the record that was before it as of the January 10 hearing failed to establish that Plaintiffs had properly put any of the 19 additional products at issue in the case.

***HKC has never agreed that the "substantially similar" products are within the scope of this case.*** At the January 10 hearing, Plaintiffs implied that HKC has agreed or acquiesced to Plaintiffs' proposed expansion of accused products. Dkt. 75 at 21:12-19. That is simply untrue. HKC has repeatedly objected to Plaintiffs' demand for information on "substantially similar" products,

5

including by letters on June 28, August 18, and on October 20, 2023.  HKC also objected at the Jan. 10 hearing.  *E.g.*, Dkt. 75 at 20:2-3.  To be sure, HKC has nevertheless provided substantially all the technical discovery requested by Plaintiffs for the 19 additional products.  But at every juncture, HKC has not agreed or acquiesced to Plaintiffs' improper attempts to add the 19 additional products to the case or to produce the GDS files for those products.

Likewise, HKC did not agree to produce GDS files for those products at the Jan. 10 hearing. While HKC's counsel did acknowledge that HKC had started the process of collecting such GDS files, Dkt. 75 at 38:20-39:6, it had only just begun doing so, additional client time and resources would be needed to search for and produce others, if they exist, and counsel indicated that they would not be producing those absent being ordered by the Court to do so.  *Id.*  Moreover, the Court's subsequent directive that HKC produce the production "that you are telling me that you're currently in the process of making," expressly carved out the one category of documents HKC's counsel identified that they would not produce.  *Id.* at 39:16-40:3.

***HKC should not be required to produce additional detailed technical discovery, such as GDS files, for products not in the case.***  Because the 19 additional products are not properly within the scope of the case, requiring HKC to provide **more detailed** technical discovery beyond what it has already produced would unfairly prejudice HKC and reward Plaintiffs' lack of diligence. HKC produced technical documents for the 19 additional products in early November 2023, including product design review files requested by Plaintiffs. Plaintiffs have had this technical information for months, in addition to the same publicly available information that provided the complete basis for Plaintiffs' original infringement contentions for the seven products accused of infringement.  Now over three months having passed since Plaintiffs received HKC's technical document productions, and Plaintiffs **still** have not sought leave to supplement their contentions to add any of the 19 additional products to this case.

Plaintiffs' lack of diligence stands in contrast with other cases from this District where Plaintiffs diligently pursued and applied discovery to their case. For example, in *Pioneer Corp. v. Samsung SDI Co.*, the Plaintiff accused "substantially similar" television display panels in addition to certain specific panels it had identified by model number. 2008 WL 11348027 at *3 (E.D. Tex. Feb. 14, 2008). The Plaintiff requested and received sufficient technical discovery to allow it to identify which other television display panel models it wished to accuse, and *one week* after receiving that discovery it moved to amend its infringement contentions, which the court granted. *Id.* Here, Plaintiffs have had the discovery they sought for **over three months** and they **still** have not even met and conferred with Defendants about seeking leave to supplement their contentions. The record reflects a complete lack of diligence on Plaintiffs' part, particularly where they acknowledge that they are already sufficiently informed to "type in additional model numbers," and "explain as to those additional model numbers why [Plaintiffs] think they function similarly." Dkt. 75 at 32:9-11.

HKC would be further prejudiced by needing to search for and collect additional technical information at this late juncture for products that are not in the case because HKC has served invalidity contentions, identified claim terms, proposed constructions, and worked on its claim construction brief based on the seven products accused of infringement and the theories set forth in Plaintiff's infringement contentions. Permitting Plaintiffs to expand the scope of accused products in this case, add infringement theories, and expand the scope of discovery would unfairly lock HKC into key theories in this case without having given HKC a proper opportunity to factor the "substantially similar" products into the preparation of its defenses and positions in this litigation.

The Court need not reach the issues of Plaintiffs' lack of diligence and the prejudice to Defendants unless and until Plaintiffs move to supplement their contentions. But these facts support providing the requested relief of confirming that the 19 "substantially similar" products are not currently within the scope of the case and that GDS files for those products need not be produced.

7

Dated: February 22, 2024

Respectfully submitted,

BAKER BOTTS, LLP

By: _/s/ Jeffrey Johnson_

    Jeffrey Johnson, Bar No. 24029638
    Jeffrey.Johnson@bakerbotts.com
    910 Louisiana Street
    Houston, TX 77002-4995
    Telephone: 713-229-1234
    Facsimile: 713-229-1522

    Robert J. Benson, Bar No. 155971
    Robert.Benson@bakerbotts.com
    101 California Street, Suite 3200
    San Francisco, CA 94111-5802
    Telephone: 415-291-6200
    Facsimile: 415-291-6300

ORRICK, HERRINGTON & SUTCLIFFE LLP

    David R. Medina
    dmedina@orrick.com
    355 South Grand Avenue, Suite 2700
    Los Angeles, CA 90071
    Telephone: 1+ 213 629 2020
    Facsimile: 1+ 213 612 2499

    Yufeng (Ethan) Ma
    yma@orrick.com
    47/F Park Place
    1601 Nanjing Road West
    Shanghi, People's Republic of China 200040
    Telephone: 011-86-21-6109-7108

THE DAVIS FIRM, PC

    Ty William Wilson
    twilson@davisfirm.com
    William Ellsworth Davis , III
    bdavis@davisfirm.com
    Javan Johnson
    jjohnson@davisfirm.com
    Rudolph Fink, IV
    rfink@davisfirm.com
    213 North Fredonia Street, Suite 230
    Longview, TX 75601

        Telephone: 1+ 903-230-9090
        Facsimile: 1+ 903-230-9661

BEIJING ZHONGLUN LAW FIRM,
GUANGZHOU OFFICE

        Chufan Yan
        yanchufan@zhonglun.com
        Floor 23, R&F Center, No. 10 Huaxia Road
        Zhujiang New Town, Tianhe District
        Ghangzhou, Guangdong
        People's Republic of China 510623
        Telephone: 011-86-20-2826-1688
        Facsimile: 011-86-20-2826-1666

*Attorneys for Defendants*
*HKC Corp. Ltd., Chongqing HKC Optoelectronics*
*Technology Co., Ltd., HKC Overseas Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

                                                    */s/ Karen Johnson*
                                                    Karen Johnson

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiffs and HKC have reached an impasse and that this motion is opposed as summarized below:

- On February 22, 2024, Richard Hung and Tom Gorman on behalf of Plaintiffs and Jeffrey Johnson and Rudy Fink on behalf of Defendants met and conferred via teleconference but were unable to reach agreement and were at an impasse.  The parties agreed the relief requested was opposed.

                                                  */s/ Jeffrey Johnson*
                                                 Jeffrey Johnson

                                                 */s/ Rudolph Fink*
                                                 Rudolph Fink, IV